**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIRK HENRY and AMY HENRY, | No. 12-16207 |
| Plaintiffs - Appellees, | D.C. No. 2:08-cv-00635-PMP-GWF |
| v. | |
| FREDERICK RIZZOLO, AKA Rick Rizzolo; et al., | MEMORANDUM[*] |
| Defendants, | |
| And | |
| KIMTRAN RIZZOLO, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Submitted May 12, 2014[**]
San Francisco, California

Before: D.W. NELSON, McKEOWN, and M. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Kimtran Rizzolo appeals the district court's grant of summary judgment to Kirk and Amy Henry, finding certain transfers of assets made from Rick Rizzolo to Bart Rizzolo—Kimtran's husband and Rick's father—fraudulent. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Kimtran argues (1) that Rick Rizzolo was not personally liable to the Henrys; and (2) that even if Rick Rizzolo were personally liable, the payments were not fraudulent because they were made in repayment of an antecedent debt. Neither argument is availing.

As an initial matter, we take judicial notice of the Judgments of Conviction entered against both Rick Rizzolo and his closely held corporation, The Power Company, in *United States v. Frederick Rizzolo*, No. 2:06-cr-186-PMP-PAL, and *United States v. The Power Company, Inc.*, No. 2:06-cr-186-PMP-PAL, respectively. These decisions "have a direct relation to matters at issue," *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks omitted); indeed, they are dispositive. Rick Rizzolo's Judgment of Conviction provides that "[t]he restitution amount is payment jointly and severally with the co-defendant, Power Co. Inc." *United States v. Rizzolo*, No. 2:06-cr-186, Dkt. 42 at 6. The Power Company has a

2

reciprocal obligation. *United States v. The Power Company, Inc.*, No. 2:06-cr-186-PMP-PAL, Dkt. 43 at 5 ("The restitution amount is payable jointly and severally with the co-defendant, Frederick John Rizzolo."). Accordingly, we find that the district court did not err in concluding that Rick Rizzolo was personally liable for the restitution owed to the Henrys.

We also find that the district court properly concluded that the transfer at issue here was fraudulent. The district court relied on Nev. Rev. Stat. § 112.180, which provides that a court, in determining whether a transfer was made with fraudulent intent, may consider "whether: (a) The transfer or obligation was to an insider . . . ; (c) The transfer or obligation was disclosed or concealed; (d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit . . . ; (g) The debtor removed or concealed assets; (h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred . . . ." The district court properly found no issue of material fact on several of the "badges of fraud," as well as evidence of actual fraudulent intent.

There is no issue of fact as to whether the transfer was made to an "insider," which is defined under Nevada law to include "[a] relative of the debtor." Nev. Rev. Stat. § 112.150(7)(a)(1). Rick Rizzolo transferred both the cash and the right to deferred payments to Bart Rizzolo, his father. Subsequently, the rights passed to Kimtran Rizzolo, his mother-in-law.

Nor is there any issue of fact with respect to whether Rick Rizzolo was involved in or threatened with litigation given that the transfers occurred after he had been ordered to personally pay restitution to the Henrys in the amount of $10 million. There is also no genuine issue of material fact with respect to whether or not Rick Rizzolo concealed the transfers. Despite conditions of release that required him to report financial transactions, Rick Rizzolo failed to report any of the transfers discussed above. The district court also concluded, and Kimtran does not appear to challenge, that Rick Rizzolo was deceptive during discovery.

Finally, the district court properly concluded that the Henrys had presented evidence of actual fraudulent intent, namely Rick Rizzolo's deposition testimony, in which he stated that he sought to transfer the assets to avoid his other creditors from attaching the assets. Although Kimtran argues that Rick Rizzolo's testimony shows that he sought to pay an antecedent debt, rather than to defraud the Henrys, she presents no evidence to support the existence of such a debt beyond a "list of

4

loans" sent by one of Rick Rizzolo's lawyers to another of his lawyers and presenst no evidence proving the amount of any such debts. Kimtran's bald assertion that the debts existed and that the transferred assets were reasonably equivalent to the amount of those debts does not raise an issue of triable fact. *See*, *e.g.*, *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) ("In order to avoid summary judgment, a non-movant must show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in his favor.").

**AFFIRMED.**